**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50251 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00851-LAB |
| v. | |
| JAVIER ROJAS-ROBLES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 21, 2014**

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Javier Rojas-Robles appeals from the district court's judgment and

challenges the 22-month sentence and three-year term of supervised release

imposed following his guilty-plea conviction for attempted reentry of a removed

alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C.

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm.

Rojas-Robles contends that the district court procedurally erred at sentencing by (i) using his prior illegal reentry sentence as a benchmark, (ii) failing to consider all of the 18 U.S.C. § 3553(a) sentencing factors and his mitigating arguments, (iii) failing adequately to explain the sentence imposed, and (iv) relying on clearly erroneous facts in fashioning the sentence. The record reflects that the district court used the advisory Guidelines range, rather than Rojas-Robles's prior sentence, as the initial benchmark. In addition, the court adequately considered Rojas-Robles's mitigating arguments and the section 3553(a) factors, sufficiently explained the sentence and its basis for imposing a term of supervised release, and did not choose the sentence based on clearly erroneous facts. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Rojas-Robles next contends that his above-Guidelines custodial sentence and the three-year term of supervised release are substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The custodial sentence and supervised release term are substantively reasonable in light of the totality of the circumstances and the section 3553(a) sentencing factors. *See id.*; *see also* U.S.S.G. § 5D1.1 cmt. n.5.

**AFFIRMED.**